**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **THOMAS ED SMITH,**            : | | **CIVIL CASE NUMBER:** |
| *Plaintiff*,                    : | | |
|                                 : | | 3:17-cv-00442-VLB |
| **v.**                          : | | |
|                                 : | | March 23, 2017 |
| **JUDGES, and or arctects of restraining** : | | |
| **order against Pres Trump Travel band,** : | | |
| *Defendants*.                   : | | |

**MEMORANDUM OF DECISION DENYING MOTION FOR LEAVE TO PROCEED *IN
FORMA PAUPERIS* AND MOTION FOR TEMPORARY RESTRAINING ORDER
[DKTS. 2, 3]**

On March 17, 2017, Plaintiff Thomas Ed Smith ("Plaintiff") filed a Complaint against Defendants identified as "Judges and or arctects [sic] of restraining order against Pres [sic] Trump Travel Band [sic]," [Dkt. 1 (Compl.), at 1]. Plaintiff's Complaint is on a complaint form which calls for a plaintiff to name each defendant and list their addresses. This portion of the form is blank. *Id.* at 1-2. Next, the form calls for a plaintiff to state the jurisdictional basis for the action. This section is also blank. *Id.* at 2. The next section calls for a plaintiff to state the nature of the complaint and it too is blank. *Id.* at 2-3. The following section calls for a plaintiff to state the nature of the action and here Plaintiff writes, "see attached." *Id.* at 3. In the request for relief section of the form Plaintiff writes, "Temporary restraining to prevent states from blocking Pres [sic] Trumps [sic] Travel Band [sic] unless they can prove that refugees are properly vetted with reasonable dough bond." [*Id.* at 4]. Finally, Plaintiff requests a jury trial. *Id.* Plaintiff alleges no facts regarding the judges and or "arctects" [sic] he names as Defendants and instead requests

1

an order of prospective relief, restraining, presumably all of the fifty states, from seeking an order to restrain the enforcement of President Trump's Travel Ban.

On the same day, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*, [Dkt. 2 (Mot. IFP)] and a Motion for Temporary Restraining Order ("TRO"), [Dkt. 3 (Mot. TRO)]. Plaintiff did not file a financial affidavit and thus has not shown that he is entitled to *in forma pauperis* status. His application is therefore denied without prejudice because the Court has no factual basis to rule in his favor.

The TRO Motion provides in relevant part the following information. First, Plaintiff addresses the basis for filing the TRO, and presumably by like measure the Complaint. The Court draws this assumption from the facts that Plaintiff does not state the factual basis for his complaint, he filed the TRO Motion on the same day as the complaint, and the Clerk of the Court correctly filed the documents separately. As they were filed together, the Court assumes for purposes of this decision that Plaintiff considered the TRO Motion to have been attached to his Complaint. The TRO Motion states:

> I request [the TRO] because I fear for my life and the life of my family member[s] who live up and down the east coast and California. When refugees come in and settle they can then move about as they feel. I believe that at this time our country has a problem and cannot properly vet them.

[Dkt. 3, at 1]. Second, Plaintiff expresses a desire for a hearing "so the people who enforced the restraining order against the travel band [sic] can show beyond dout [sic] that these people are properly [sic] and only have good intentions for our country." *Id.* Third, in support of this contention Plaintiff states, "I trust the

President when he say [sic] this is not being done," *id.*, and that he "believe[s] they have an agenda that dose [sic] not take all Americans in consideration." *Id.* at 2.

### I. Jurisdiction

Plaintiff does not state the jurisdictional basis for his case. The Court will presume without deciding that it has federal question jurisdiction because the case raises questions of the relative power of the President of the United States and either the powers of Article III judges or of the States. 28 U.S.C. § 1331.

### II. Standing

Before addressing the merits of Plaintiff's Motion for a Temporary Restraining Order, the Court must first solve the issue of standing. Under Article III, section 2 of the Constitution, a federal court is limited to jurisdiction over "Cases" and "Controversies." *Massachusetts v. E.P.A.*, 549 U.S. 497, 516 (2007). The doctrine of standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see Ziemba v. Rell*, 409 F.3d 553, 555 (2d Cir. 2005) (affirming district court's denial of temporary restraining order as plaintiff failed to show "Article III standing"); *Washington v. Trump*, 847 F.3d 1151, 1159 (9th Cir. 2017) (ruling that States had standing to sue as they sufficiently "alleged harms to their proprietary interests traceable to the Executive Order" 13769, "Protecting the Nation from Foreign Terrorist Entry Into the United States"). "'[T]he gist of the question of standing' is whether petitioners have 'such a personal stake in the outcome of the

controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination." *Massachusetts v. E.P.A.*, 549 U.S. at 517 (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)).  A plaintiff bears the burden to demonstrate standing for the federal court to have jurisdiction over the case.  *See id.*, 549 U.S. at 536.

Proper standing requires a three-part showing.  First, Plaintiff must show he "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."  *Ziemba v. Rell*, 409 F.3d at 554 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. at 560).  Second, Plaintiff must establish a "causal connection between the injury and the conduct complained of—the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court."  *Id.*  Third, "it must be likely, as opposed to merely speculative," that a decision in the plaintiff's favor will redress the injury.  *Id.*

While the Court does not question the sincerity of Plaintiff's fears, Plaintiff's Complaint fails to satisfy any of the constitutional requirements for standing as it merely requests relief by way of a temporary restraining order "to prevent states from blocking Pres Trumps [sic] Travel Band [sic] unless they can prove that refugees are properly vetted with beond [sic] reasonable dout [sic]." [Dkt. 1, at 4]. There appears to be no injury, but rather a request for the Court to enjoin states across the country from participating in an action that is actively and properly being litigated before other federal judges.  *See Washington v. Trump*, 847 F.3d at

1161-62 ("Within our system, it is the role of the judiciary to interpret the law, a duty that will sometimes require '[r]esolution of litigation challenging the constitutional authority of one of the three branches.'") (quoting *Zivotofsky ex rel. Zivotofsky v. Clinton*, 566 U.S. 189, 196 (2012)).  Assuming the Complaint incorporates the Motion for Temporary Restraining Order, Plaintiff's only purported injury appears to be his fear of future harm against his family and him, which he attributes to the fact that "[w]hen refugees come in [the United States] and settle they can then move about or as they feel" and "at this time our country has a problem and cannot properly vet them." [Dkt. 3, at 1].  Plaintiff provides no additional information other than stating his fear.

Plaintiff's expression of fear is not a sufficient injury in fact as it is purely speculative, conjectural, and hypothetical.  He states no concrete or objective reasons why he could be harmed in the future.  *See Ziemba v. Rell*, 409 F.3d at 554.  As the Plaintiff has not alleged any injury, much less imminent harm, the case runs the risk that "no injury would have occurred at all."  *See Lujan v. Defenders of Wildlife*, 504 U.S. at 564 n.2.  Therefore, the Court holds that Plaintiff lacks standing and the Court does not have the jurisdiction to address the merits of this case.

Plaintiff's interests in the issues raised in this action are no greater than those of any other person present in the country.  The Court does, however, note that Plaintiff's interests are coterminous with those of the President; and the President's interests are being advanced by the Justice Department on his behalf and on behalf of all of the citizens of this nation, including the Plaintiff.

### III. <u>Legal Standard</u>

A temporary restraining order is an "extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Reidy*, 477 F. Supp. 2d 472, 474 (D. Conn. 2007) (quoting *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005)). "The purpose of a temporary restraining order is to preserve an existing situation in status quo until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction." *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 107 (2d Cir. 2009). The factors considered in assessing whether to grant a request for a temporary restraining order are similar to those used to determine the merits of a motion for a preliminary injunction. *See Control Sys., Inc. v. Realized Sols., Inc.*, No. 3:11CV1423 PCD, 2011 WL 4433750, at *2 (D. Conn. Sept. 22, 2011) (citing *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992)). To obtain a temporary restraining order, therefore, the Plaintiff must show "irreparable harm, and either (1) a likelihood of success on the merits of the case or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in favor of the moving party." *See Waldman Pub. Corp. v. Landoll, Inc.*, 43 F.3d 775, 779–80 (2d Cir. 1994).

The Court hereby DENIES the Motion for Temporary Restraining Order as Plaintiff lacks standing. Without standing, the Court has no jurisdiction to determine whether Plaintiff has demonstrated irreparable harm, likelihood of success on the merits of the case, sufficiently serious questions going to the

merits, or a balance of hardship in favor of the moving party. *See Cortlandt Street Recovery Corp. v. Hellas Telecomms., S.%22a.r.l.*, 790 F.3d 411, 417 (2d Cir. 2015) ("[T]he jurisdictional issue must be resolved before the merits issue . . . .") (quoting *Alliance for Environ. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 85 (2d Cir. 2006)).

### IV.    *Sua Sponte* Dismissal Without Prejudice

The Court has a duty to dismiss any claim *sua sponte* over which it lacks subject matter jurisdiction, even if the issue is not raised by the parties. *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d. Cir. 2009). Improper Article III standing is appropriately raised as an issue of subject matter jurisdiction. *See Alliance for Env't Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d at 87-88. As such, the pleadings require the Court to *sua sponte* dismiss this case.

Even if the Court were to conclude Plaintiff's injury is sufficiently concrete and that Plaintiff has standing, the pleadings raise issues that would likely require dismissal. First, Plaintiff fails to properly name and identify Defendants as required for proper service of process. Second, Plaintiff fails to state a claim for which relief may be granted, as it would be improper to restrict federal judges from interpreting the law. *See Washington v. Trump*, 847 F.3d at 1162 ("[T]he Supreme Court has repeatedly and explicitly rejected the notion that the political branches have unreviewable authority over immigration or are not subject to the Constitution when policymaking in that context."). Lastly, to the extent Plaintiff seeks to sue

**federal judges as Defendants acting in their official capacity, such allegations likely raises issue of judicial immunity.**

## V.     Conclusion

For the aforementioned reasons, the Court hereby DENIES the Motion for Temporary Restraining Order, DENIES the Motion for Leave to Proceed *in forma pauperis*, and DISMISSES this case without prejudice to filing a motion to reopen on or before April 12, 2017.  Any motion to reopen must be accompanied by a proposed amended complaint that establishes jurisdiction, standing, states a claim against a named defendant(s), properly adheres to the pleading standard set forth by Rule 8 of the Federal Rules of Civil Procedure, and addresses all of the issues raised by the Court in this decision. The Plaintiff must also file the filing fee or a new motion to proceed *in forma pauperis* accompanied by a supporting true and complete financial affidavit fully disclosing his financial position and establishing his indigence. The Clerk's Office is directed to close this case.

                                            IT IS SO ORDERED.

                                            _____/s/_____
                                            Hon. Vanessa L. Bryant
                                            United States District Judge

**Dated at Hartford, Connecticut: March 23, 2017**